IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tanya J. McCloskey,     :
Acting Consumer Advocate,   :
     Petitioner   :
            :
   v.        :
            :
Pennsylvania Public Utility   :
Commission,       :  No. 1358 C.D. 2014
     Respondent  :  Argued: June 18, 2015

BEFORE: HONORABLE DAN PELLEGRINI, President Judge
     HONORABLE BERNARD L. McGINLEY, Judge (P.)
     HONORABLE P. KEVIN BROBSON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY      FILED: November 3, 2015

## **BACKGROUND**

    Tanya J. McCloskey, Acting Consumer Advocate from the Office of Consumer Advocate (OCA) petitions for review of the Opinion and Order of the Pennsylvania Public Utility Commission (Commission) entered July 24, 2014, in the matter of Little Washington Wastewater Company's (LW) Petition for Approval of a Distribution System Improvement Charge (DSIC) to recover the costs associated with certain distribution system improvement projects.[1]

---

[1] On September 12, 2014, OCA filed an Application for Relief requesting, among other administrative matters, consolidation of 1012 C.D. 2015 & 1358 C.D. 2014 pursuant to Pa. R.A.P. 123 (Application for Relief) and Pa. R.A.P. 513 (Consolidation of Multiple Appeals). This Application for Relief asserted that both appeals pertain to Commission orders addressing the same question of law; that no party to either appeal will be prejudiced by consolidation and that consolidation will reduce the cost of litigating these appeals for the parties.

   On September 17, 2014, this Court denied OCA's Application for Relief because the appeals arise from separate orders and do not involve the same certified record. However, **(Footnote continued on next page…)**

At the outset, this Court notes that in Pennsylvania, the age and condition of the infrastructure of utilities has reached the point where the balance between repair and replacement has now tipped in the direction of replacement. Past actions of the utilities have generally demonstrated that they were pursuing a balanced course between maintenance and replacement schedules.

However, much of the infrastructure has now reached the point where repairs have diminishing returns and replacement must be accomplished. In order to address this concern, the Commission encouraged utilities to plan and implement accelerated replacement of their aging infrastructure. At the same time, however, it was understood by utilities making infrastructure investment that they would be unable to adjust their rates they charged to customers between traditional ratemaking cases to recover those specific infrastructure investment costs in a timely manner.[2]

Therefore, on February 14, 2012, Act 11 was signed into law.[3] Among other things, Act 11 repealed the prior statute that permitted *only* water utilities to charge a DSIC (66 Pa. C.S. § 1307(g)), and authorized natural gas distribution, electric distribution, *as well as* water and wastewater utilities to

**(continued…)**

because both actions involve similar legal issues, this Court ordered that the matters be listed for consideration by the Court *seriatim*.

[2] Under traditional ratemaking, utilities may not change rates charged to customers outside of a base rate case. Thus, the Public Utility Code (Code) 66 Pa. C.S. §§101-3316, did not allow utilities to recover infrastructure replacement costs outside the confines of a base rate proceeding. See generally 66 Pa. C.S. § 1308.

[3] Act 11 of February 14, 2012, P.L. 72, 66 Pa. C.S. §§315; 1350-1360; 3301. Act 11 amended Chapters 3, 13 and 33 of the Code.

charge a DSIC, thereby permitting these utilities to have access to an alternative ratemaking mechanism whereby the utilities could recover costs related to repair, improvement and replacement of eligible projects outside of a ratemaking case. See 66 Pa. C.S. §§1350-1360.

Section 1353(a) of the Code, 66 Pa. C.S. §1353(a), states in pertinent part that:

> [A] utility may petition the [C]ommission, or the [C]ommission after notice and hearing, may approve the establishment of a [DSIC] to provide for the timely recovery of the reasonable and prudent costs incurred to repair, improve or replace eligible property in order to ensure and maintain adequate, efficient, safe, reliable and reasonable service.

Section 1352 of the Code, 66 Pa. C.S. §1352, states that, as a prerequisite to the implementation of a DSIC, a utility must file a long-term infrastructure improvement plan (LTIIP).

## PROCEDURAL HISTORY

### The LTIIP

On May 31, 2013, LW filed a LTIIP as required under Act 11.[4] Reproduced Record (R.R.) at 1a, 3a; see also September 12, 2013 Opinion and Order of the Commission (Commission Opinion and Order, September 12, 2013), at 2.[5] On June 20, 2013, the OCA also filed Comments regarding LW's LTIIP. Commission Opinion and Order, September 12, 2013 at 2.

---

[4] 66 Pa.C.S. §1352(a).
[5] The Commission Opinion and Order, September 12, 2013 is incorporated by reference in the Reproduced Record at ii as Appendix C of the OCA Brief.

## The DSIC

On May 31, 2013, LW filed its Petition for Approval of its DSIC in accordance with Section 1353(b) of the Code, Section 1353(b). R.R. at 1a, 3a.

Thereafter, on July 19, 2013, G. Arnold M. Kring, an individual customer, filed a Formal Complaint in Opposition to LW's Petition for Approval of its DSIC. Commission Opinion and Order, September 12, 2013 at 3.

## Prior Decisions

By Commission Opinion and Order, September 12, 2013, the Commission approved LW's proposed LTIIP and DSIC and authorized LW to begin charging its DSIC effective October 1, 2013. Commission Opinion and Order, September 12, 2013 at 34. However, the Commission approved LW's DSIC pending final resolution of the issues raised in the parties' filings and identified in the Commission Opinion and Order, September 12, 2013.[6] That Order of the Commission further directed that DSIC revenues be subject to refund or recoupment based upon resolution of the issues. That Commission Opinion and Order, September 12, 2013, also referred resolution of the issues to the Office of Administrative Law Judges (OALJ) for final determination of those issues. Commission Opinion and Order, September 12, 2013 at 44-45.

---

[6] The issues raised by the parties and identified in the Commission Opinion and Order, September 12, 2013 included: the impact of accumulated deferred income taxes (ADIT) associated with DSIC investments and the calculation for the state income tax component of the DSIC revenue requirement. Commission Opinion and Order, September 12, 2013 at 44-45.

On April 16, 2014, the OALJ, in its Recommended Decision and Order (Recommended Decision and Order, April 16, 2014),[7] approved the DSIC calculation proposed by LW.[8] That Recommended Decision and Order, April 16, 2014 also required that LW modify its tariff containing the revised language: "DSI=Original cost of eligible distribution system improvement projects net of accrued depreciation and accumulated deferred income taxes".[9] That Recommended Decision and Order, April 16, 2014 further ordered that LW "shall modify its pre-tax rate of return in the DSIC calculation to recognize the flow-through of state income tax benefits associated with the investments that are recovered through the DSIC. Revenues collected pursuant to its DSIC tariff will be refunded based on the Commission's resolution in this Order".[10]

That Recommended Decision and Order, April 16, 2014 further ordered that LW revise its tariff language at the beginning of its DSIC to read as follows: "In addition to the net charges provided for in this Tariff, a surcharge of ___% shall apply to all bills issued on or after _____, with the exception of those for Woodloch Pines".[11] Finally, that Recommended Decision and Order, April 16, 2014 revised LW's DSIC tariff language to apply equally to all customer classes with the exception of Woodloch Pines and any future customers with

---

[7] The Recommended Decision and Order, April 16, 2014, is incorporated by reference in the R.R. at ii as Appendix B of the OCA Brief.

[8] The DSIC calculation proposed by LW and approved by the OALJ in its Recommended Decision and Order of March 6, 2014 does not include additional ADIT on its DSIC utility plant as an offset to the plant. However, that DSIC calculation proposed by LW and approved by the OALJ in its Recommended Decision and Order of March 6, 2014 does include the calculation of state income taxes.

[9] Recommended Decision and Order, April 16, 2014 at 29.

[10] Recommended Decision and Order, April 16, 2014 at 29.

[11] Recommended Decision and Order, April 16, 2014 at 29-30.

negotiated contracts for which a reduction or exemption is shown to be reasonably necessary.[12]

On May 27, 2014, OCA and LW filed Exceptions to the Recommended Decision and Order, April 16, 2014. On June 6, 2014[13], OCA and LW each filed Replies to Exceptions. Opinion and Order of the Commission, July 24, 2014, (Commission Opinion and Order, July 24, 2014) at 2.[14]

Thereafter, by the Commission Opinion and Order, July 24, 2014, the Commission concluded that LW was not required to include an ADIT adjustment in its DSIC calculation and that LW was permitted to include the state income tax "gross-up"[[15]] in its DSIC calculation. Accordingly, the Commission granted the filed Exceptions of LW and OCA and reversed the Recommended Decision and Order, April 16, 2014, with the exception that the Recommended Decision and Order, April 16, 2014's approval of the Joint Stipulation of the parties is affirmed. July 24, 2014 Commission Opinion and Order at 25-27.

On August 25, 2014, the OCA filed a Petition for Review of the Commission's Order. The matter is now before this Court.

---

[12] Recommended Decision and Order, April 16, 2014 at 30.

[13] The July 24, 2014 Commission Opinion and Order erroneously references "June 6, 2013" as the date that the OCA and LW each filed replies to the Exceptions.

[14] The July 24, 2014 Commission Opinion and Order is incorporated by reference in the Reproduced Record at ii as Appendix A of the OCA Brief.

[15] The term "gross-up" is a business term that refers to a payment made with some type of compensation for taxes built into the payment. To increase a net amount to include deductions, such as taxes, that would be incurred by the receiver. A gross-up clause is a provision in a contract which provides that all payments must be made in the full amount, free of any deductions or withholdings, and without exercising any right of set-off. Business Dictionary.com, copyright 2015, http://www.businessdictionary.com/definition/gross-up.html.

## FACTUAL BACKGROUND

LW is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and is a wholly-owned subsidiary of Aqua Pennsylvania, Inc. and is a public utility as defined by the Public Utility Code. Commission Opinion and Order, September 12, 2013 at 2. LW provides wastewater service to 18,560 customers in Pennsylvania. LW's collection and conveyance systems are comprised of approximately eighty-seven pump stations, 327 miles of pipe and 2,929 manholes. LW indicated that it acquired many of its systems within the last ten years, and that many of its systems are in need of significant upgrades and improvements in order to provide reliable wastewater service to customers, as well as environmental protection. Commission Opinion and Order, September 12, 2013 at 2, 4-6.

In order to recover the costs associated with these collection and conveyance system improvement projects through the permitted surcharge under Section 1353(a) of the Code, 66 Pa. C.S. §1353(a), LW filed its DSIC and LTIIP. See generally R.R. at 3a-50a. Pursuant to the July 24, 2014 Commission Opinion and Order, LW did not include an adjustment to its DSIC-eligible plant for ADIT in its proposed DSIC calculation, but did include the state income tax "gross-up" clause. May 22, 2014 Opinion and Order at 25-26.

## ISSUES

The issues, as summarized, are whether the Commission erred in not requiring LW to include an ADIT tax adjustment in its DSIC calculation and whether LW is permitted to include the state income tax gross-up in its DSIC calculation.

Pursuant to the reasons set forth in our Opinion and Order in <u>Tanya J. McCloskey, Acting Consumer Advocate v. Pennsylvania Public Utility Commission</u>, (Pa. Cmwlth., No. 1012 C.D. 2014, filed November 3, 2015), the Court incorporates that rationale in this matter, as set forth therein.

Accordingly, the decision of the Commission is affirmed.

_____
BERNARD L. McGINLEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tanya J. McCloskey,                       :
Acting Consumer Advocate,                 :
                        Petitioner        :
                                          :
            v.                            :
                                          :
Pennsylvania Public Utility               :
Commission,                               :   No. 1358 C.D. 2014
                        Respondent        :

# **O R D E R**

AND NOW, this 3rd day of November, 2015 and pursuant to the reasons set forth in our Opinion and Order in <u>Tanya J. McCloskey, Acting Consumer Advocate v. Pennsylvania Public Utility Commission</u>, (Pa. Cmwlth., No. 1012 C.D. 2014, filed November 3, 2015), we incorporate that rationale in this matter, as set forth therein.

The July 24, 2014 order of the Pennsylvania Public Utility Commission in the above-captioned matter is affirmed.

 

_____
BERNARD L. McGINLEY, Judge